UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABZAL KHALNAZAROV (A No. 245 984 965),<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF THE CALIFORNIA CITY ICE DETENTION FACILITY, et al.,<br><br>　　　　　　Respondents. | No.  1:26-cv-01920-DC-CKD (HC)<br><br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 11) |

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 20, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notic that any objections to the findings and recommendations were to be filed within seven days.  Respondents filed objections to the findings and recommendations.  ECF No. 12.  Petitioner filed a response thereto.  ECF No. 13.  In their objections, Respondents state that the object "[f]or the reasons stated in its responsive pleadings."  ECF No. 12.  However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a

1

noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).  Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 11) are ADOPTED.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Petitioner Abzal Khalnazarov (No. 245 984 965) shall be released from Immigration and Customs Enforcement Service custody.

4. Unless circumstances change to the point that petitioner's arrest without a hearing does not violate rights identified in the findings and recommendations, respondents are ENJOINED AND RESTRAINED from re-detaining petitioner without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents shall bear the burden of demonstrating that petitioner is a danger to the community or a flight risk by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

5.  The Clerk of the Court is directed to serve the **California City ICE Detention Facility** with a copy of this Order; and

6.  The Clerk of the Court is directed to enter judgment for Petitioner and close this case.


IT IS SO ORDERED.

Dated:    **May 27, 2026**

Dena Coggins
United States District Judge

3